People *v.* Meehan.

---

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiffs, *against* MICHAEL MEEHAN, Defendant.

(Decided December 5th, 1887.)

A judgment on a forfeited recognizance will not be discharged because of the illness of the surety at the time the recognizance was forfeited.

MOTION to vacate a judgment upon a forfeited recognizance.

The facts are stated in the opinion.

*A. B. Chalmers*, for the motion.

*R. B. Martin*, opposed.

PER CURIAM. — [Present, LARREMORE, Ch. J., J. F. DALY and VAN HOESEN, JJ.] — No case for the discharge of the judgment is made out. The only reason presented is that James Campbell, the surety on Meehan's recognizance, was confined to his house by a cerebral trouble, at the time the recognizance was forfeited, and that he never afterwards had sufficient mental capacity to transact business, or even to recognize his friends. The date of the forfeiture is July 2d. The district attorney, opposing the discharge of the judgment, shows that James Campbell, notwithstanding

his alleged incapacity, made his will on the 31st of July, and that the persons who make this application are beneficiaries under that will.

If sickness were sufficient to release a surety from the obligations he assumed, a recognizance would be of little value. The state must insist that prisoners on bail shall be forthcoming when they are wanted. In this case, the applicants say that they know nothing of Meehan, and are unable to discover anything concerning him. That is their misfortune. The prisoner, through the action of James Campbell in becoming his surety, is at large, and has escaped trial. The state is a sufferer by Campbell's act. Until Meehan has been tried and convicted, or, if he should be acquitted, until it clearly appears that the state has not suffered from the disappearance of witnesses for the people, the judgment cannot be discharged.

If we should discharge the judgment because Campbell was sick, we could not logically refuse to discharge judgments where, at the time of the forfeiture of the recognizance, the surety was necessarily absent from the city on business, or on his annual vacation. A recognizance would mean little or nothing, and would be no security for the appearance of the prisoner. Such a state of things might in the end make it difficult for prisoners to induce courts to admit them to bail.

Motion denied.